*1137 OPINION OF THE COURT
Lee L. Holzman, J.
The infant’s biological father initially petitioned for a copy of his consent to the adoption; however, the application was enlarged and he now requests access to all of the documents contained in a sealed adoption file. The biological father believes that these documents will be useful to him in child support litigation pending in Family Court, Westchester County. The biological father executed a consent before this court on March 15, 2000. Thereafter, the adoption proceeding was withdrawn by the petitioners in that proceeding, the infant’s birth mother and her husband. The file was sealed when the proceeding was withdrawn.
The father was given a copy of his consent at the time of execution but he apparently lost the copy. The infant’s birth mother and her husband consent to the granting of the instant application.
Section 114 (2) of the Domestic Relations Law mandates the confidentiality of adoption records to protect the interests of the adopted child as well as the interests of the adoptive and the biological parents (Matter of Linda F.M., 52 NY2d 236, 239 [1981], appeal dismissed sub nom. Mason v Abrams, 454 US 806 [1981]). This section only permits access to the records to a person “on good cause shown and on due notice to the adoptive parents and to such additional persons as the court may direct.” (Domestic Relations Law § 114 [2].) As a general rule an adopted child’s curiosity, even though it is understandable, is an insufficient reason to grant access to a sealed adoption file. Most petitions to view sealed adoption records are made by adopted children, and access to adoption records is usually only granted to obtain medical information to assist in the treatment of an adopted child (see Domestic Relations Law § 114 [4]). Moreover, access will be granted for nonmedical reasons only where the person seeking the information makes a request that, if granted, will benefit the petitioner and will not have an adverse impact on the interests of the adopted child or the adoptive or biological parents (see Matter of Victor M.I.I, 23 Misc 3d 1103[A], 2009 NY Slip Op 50557[U] [2009]). Here, considering the above criteria, including the consents of the biological father and the proposed adoptive parents, the court sees no reason to deny that portion of the application seeking a copy of the biological father’s consent, which was originally given to him pursuant to *1138 section 115-b (2) (b) of the Domestic Relations Law, as well as a court-certified copy of the adoption agreement signed by the birth mother and her husband, which does not contain any confidential information other than about their earnings, and, as previously noted, they consent to the granting of the application. The court has conducted an in camera inspection of the balance of the sealed adoption file and finds that it does not appear to contain any information that might be helpful to any party with regard to the child support litigation pending in Family Court, Westchester County. Furthermore, the court is of the opinion that routinely granting unfettered access to a sealed adoption file on the consent of the biological father and the petitioners in an adoption proceeding so that they may troll through the file for information that might assist one of those parties in litigation pending in another court would set a mischievous precedent that often would not be in the best interests of the adopted child. Here, the child is still an infant and cannot consent to the application.
Accordingly, this decision constitutes the order of the court granting the biological father’s application to the extent that the Chief Clerk is to mail to the petitioner’s attorney a court-certified copy of both his consent and the adoption agreement executed by the petitioners in the now withdrawn adoption proceeding. The branch of the biological father’s application seeking unfettered access to the sealed adoption file is denied. The adoption file is to be resealed.